FANNY WILSON *v.* A. R. SANDERS' EXR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—612.]

**Return of the Sheriff as Evidence.**

> Where the original petition on the notes was filed in ordinary and process issued thereon and returned by the sheriff as "executed in full," and this is shown by the clerk's entry, such entry, embracing the full return of the officer, is sufficient evidence of the service of the summons.

**Burden on One Seeking Relief in Equity.**

> One seeking relief in a court of equity has the burden of showing the existence of every fact necessary to warrant a recovery.

APPEAL FROM BATH CIRCUIT COURT.

January 4, 1883.

OPINION BY JUDGE HARGIS:

This was an action by the appellees to obtain a conveyance of the dower lands of the appellant. It is alleged, in substance, that the appellees obtained judgments during the coverture of appellant for the sale of the lands allotted to her as dower in her first husband's estate; that a sale was made and they became the purchasers; that the commissioner reported the sale and it was confirmed, but that no deed was made. The petition concludes with a prayer for a conveyance of the land and possession thereof. The appellant answered, denying that she executed the notes or that any process was served on her in the actions in which the judgments were obtained. Issues were joined on the matters pleaded by appellant, and judgment was rendered against her, ordering a conveyance of the land by commissioner to the appellees and awarding them a writ of possession, from which she prosecutes this appeal.

It appears from the record that the original petition on the notes was filed in ordinary against the appellant and her husband, and that process issued thereon and was returned by the sheriff "executed in full," as shown by the clerk's entry upon the docket. The entry of the clerk appears to embrace the full return of the officer, and as such a return is legal and evidence of the execution of the process upon both the defendants, we think, according to Myers'

Civ. Code (1867), § 740, the entry is sufficient evidence of the service of the summons.

But the record presents the fact that after the return of the process on the original petition the cause was transferred to equity and an amended petition filed, on which no process was issued; and it must be presumed in the absence of any allegation or proof upon the part of appellees that the original petition was insufficient to authorize a judgment *in rem* against the appellant's property and that the amended petition was necessary to show her liability and to subject her land to the payment of the debts, she being a married woman. The amendment therefore must be considered as having presented a new and distinct cause of action against her not connected with the cause of action embraced by the original petition, and process was necessary thereon, and as none was issued the judgments based upon the allegations of the amended petition are void.

As the appellees were seeking to recover upon a lost record, it was their duty to have shown whether the petition or the amended petition contained the cause of action, and having failed to do this, not only the presumption of law but the circumstances of the case show that the amended petition contained the cause of action against the appellant. It follows, therefore, that the judgment in behalf of appellees is erroneous.

As the appellees are seeking relief in a court of equity the burden is upon them to show the existence of every fact necessary to warrant a recovery. Their petition alleges that the sale was confirmed, but the certified transcript of the orders and judgment filed as a part of their petition contains no order of confirmation, and as none of the order books were destroyed it is legally shown that no order of confirmation ever was entered into.

Although the answer fails to deny the allegation that the sale was confirmed, yet, as the suit is based upon the record which must prove itself, the failure to deny the allegation of the petition which is shown not to be true by the record is immaterial, because the petition considered in connection with the record upon which it is based presents no cause of action.

Wherefore the judgment is *reversed* and cause remanded with directions to allow the appellees to amend their pleadings and for further proper proceedings.

*V. B. Young, J. S. Hurst, for appellants.*

*B. D. Lacy, for appellees.*